## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| ROLAND MATHIS, | ) |
| Petitioner, | ) ) |
| v. | ) Civil Action No. 5:17-03851 |
| | ) |
| D.L. YOUNG, Warden, | ) |
| Respondent. | ) ) |

### **PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody and Memorandum in Support.[1] (Document Nos. 1 and 2.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

### **FACT AND PROCEDURE**

**A.    Criminal Action No. 1:01-cr-00470:**

In 2004, Petitioner was convicted by a jury in the Northern District of Georgia of two counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii); one count of conspiracy to possess with the intent to distribute cocaine and marijuana in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and (vii) and 846; one count of conspiracy to commit money laundering

---

[1]    Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

in violation of 18 U.S.C. § 1956(h); and eleven counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). United States v. Mathis, 239 Fed.Appx. 513 (11th Cir. 2007). On February 15, 2006, the District Court sentenced Petitioner to total term of 260 months of imprisonment to be followed by a 10-year term of supervised release. Id.

Petitioner appealed his conviction and sentence to the Eleventh Circuit Court of Appeals. Id. In his appeal, Petitioner argued that the District Court erred by the following: (1) Denying Petitioner an evidentiary hearing concerning his challenge to the constitutionality of the search of his closed duffle bag from the trunk of an automobile; (2) Failing to excluded statements made to the Government under a proffer agreement pursuant to derivate-use immunity; (3) Failing to find that Count Six was duplicitous because Government failed to select the subsection of 18 U.S.C. § 1956(a)(1) under which it intended to proceed; (4) Applying a statutory enhancement to his mandatory minimum sentence on the basis that Petitioner committed a prior felony drug offense; (5) Sentencing Petitioner under the 2005 Guidelines Manuel in violation of Ex Post Facto Clause; (6) Denying Petitioner a directed verdict as to Counts 7, 14, and 33 because there was insufficient evidence; (7) Failing to find there was insufficient evidence to support the jury's guilty verdict as to the money laundering and drug counts. Id. By Opinion Order entered on August 14, 2007, the Eleventh Circuit affirmed Petitioner's conviction and sentence. Id. On November 1, 2007, the Eleventh Circuit denied Petitioner's petition for a rehearing. United States v. Mathis, 255 Fed.Appx. 504 (11th Cir. 2007). Petitioner filed a petition for writ of certiorari, which the United States Supreme Court denied on March 17, 2008. Mathis v. United States, 552 U.S. 1273, 128 S.Ct. 1687, 170 L.Ed.2d 381 (2008).

**B.     Section 2255 Motion:**

On January 20, 2009, Petitioner filed in the Northern District of Georgia a Motion to

2

Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Mathis v. United States, 401 Fed.Appx. 417 (11th Cir. 2010). In his Motion, Petitioner asserted the following: (1) Prosecutorial misconduct; (2) Ineffective assistance of counsel; and (3) Violation of his right to a speedy trial. Id. The District Court denied Petitioner's Section 2255 Motion in August 2009, and Petitioner filed an appeal with the Eleventh Circuit. Id. On appeal, Petitioner argued that appellate counsel was ineffective in failing to inform the Court that the sentencing enhancement under 21 U.S.C. §§ 841 and 851 increased Petitioner's minimum term of supervised release from five to ten years. Id. By Per Curiam Opinion filed on October 21, 2010, the Eleventh Circuit affirmed the District Court's decision denying Petitioner's Section 2255 Motion. Id.

**C.     Motion for Review of Final Sentence Pursuant to 18 U.S.C. § 3742(a):**

In December 2010, Petitioner filed a *pro se* Motion for Review of Otherwise Final Sentence Pursuant to 18 U.S.C. § 3742(a). Mathis v. United States, 609 Fed.Appx. 990 (11th Cir. 2015). In support, Petitioner argued that the sentence imposed by former District Judge Camp was invalid based upon Judge Camp's alleged misconduct and racial bias. Id. On March 14, 2011, the District Court entered an Order appointing the Federal Public Defender's ("FPD") Office as counsel to consult with Petitioner concerning whether a viable motion could be filed after determining that the allegations contained in Petitioner's *pro se* motion were too vague. Id. The District Court directed that if the FPD determines that such a motion should be filed, the FPD should perfect the motion by August 1, 2011. Id. The District Court directed that if the FPD determined that such a motion should not be filed, Petitioner should file a perfected *pro se* motion by August 1, 2011. Id. On August 1, 2011, Assistant Federal Public Defender Stephanie Kearns filed a notice stating that the FPD would not be filing a motion on Petitioner's behalf after review of the record and other information concerning Judge Camp's alleged bias and mental-health impairment. Id. In December

3

2011, Petitioner filed a motion requesting the appointment of new counsel outside the FPD's Office. Id. In support, Petitioner claimed that the FPD's Office had a conflict of interest based upon its representation of five witnesses who testified against Petitioner in his underlying criminal trial. Id. In 2012, the Court advised Petitioner of its intent to construe Petitioner's Motions as a request for relief under Section 2255. Id. Petitioner, however, objected to his Motions being construed under Section 2255. Id. The District Court summarily denied Petitioner's motion for appointment counsel and Petitioner filed an appeal with the Eleventh Circuit. Id. Specifically, Petitioner argued that the District Court should have appointed conflict-free counsel outside of the FPD's Office. Id. By Per Curiam Opinion entered on April 22, 2015, the Eleventh Circuit affirmed the district court's decision denying Petitioner's motion to appoint counsel. Id.

**D.    Request for Authorization to File a Successive Section 2255 Motion:**

On April 20, 2016, Petitioner filed an Application for Leave to File Successive Motion to Vacate Sentence. In re: Roland Mathis, Case No. 16-11778 (11th Cir.). In support, Petitioner first argued that "Judge Camp was mentally incapacitated as evidence by his criminal activity which included the illegal use of cocaine marijuana, and other illegal drugs for which he was subsequently convicted, and therefore unfit to preside over my case." Id. Second, Petitioner asserted that his right to a Speedy Trial was denied because the Government filed five superseding indictment against him beyond the 30-day period set forth in 18 U.S.C. § 3161(b). Id. Third, Petitioner argued that Judge Camp violated his right to a fair and impartial jury by allowing other defendants to participate in the jury selection, instructing the jury on dismissed indictments, and failing to offer curative instructions to the jury. Id. By Order entered on May 4, 2016, the Eleventh Circuit denied Petitioner's Application for Leave to File a Second or Successive Motion after determining that Petitioner failed to present newly discovered evidence or a new rule of constitutional law. Id.

### E. Request for Authorization to File a Successive Section 2255 Motion:

On November 9, 2016, Movant filed with the Eleventh Circuit an Emergency Application for Leave to File a Successive Motion Under 28 U.S.C. § 2255 pursuant to 28 U.S.C. § 2244. In re: Roland Mathis, Case No. 16-016997 (11th Cir.). In support, Petitioner first argued he was denied his right to a speedy trial because the Government added five superseding indictments beyond the 30-day rule of 18 U.S.C. § 3161(b) and engaged in prosecutorial misconduct. Id. Petitioner relied upon a "new rule of law" citing Betterman v. Montana, 136 S.C. 1609 (2016) and newly discovered evidence that former District Judge Jack Camp had bipolar disorder and an "obsession with prostitutes, illegal drugs and firearms" that "rendered him unfit to sit on the bench." Id. Second, Petitioner argued that he had newly discovered evidence that Judge Camp was mental incapacitated due to his criminal activity, drug use, and racial bias. Id. Third, Petitioner argued that new rule of law claim citing Luis v. United States, 136 S.Ct. 1083 (2016). Id. Fourth, Petitioner claimed that his due process rights were violated by the District Court's conclusion that there was probable cause to support a search of the car and his duffle bag inside. Id. Finally, Petitioner argued that his financee's family "schemed" with a government attorney to have him indicted, the judge joined the scheme, and the Government committed a Brady violation by withholding testimony from a witness that was a participant of the scheme. Id. By Order entered on December 1, 2016, the Eleventh Circuit denied Movant's Application seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255 after determining that Petitioner failed to present newly discovered evidence or a new rule of constitutional law. Id.

### F. Section 2241 Petition:

On August 21, 2017, Petitioner filed his instant Petition requesting relief under 28 U.S.C. § 2241 and Memorandum in Support. (Civil Action No. 5:17-03851, Document Nos. 1.) Petitioner

5

challenges the validity of his conviction and sentence based upon the following:

1. Prosecutorial misconduct in violation of the Petitioner's Speedy Trial rights: The Assistant United States Attorney deprived Petitioner of a fair trial in violation of the Fifth and Sixth Amendments where Due Process safeguards against fundamentally unfair prosecutorial conduct, by superseding the indictment five times to delay the Petitioner's trial.

2. The District Court abused its discretion in denying the Petitioner's motion to dismiss the indictment on perjured testimony to the grand jury. The Assistant United States Attorney deprived Petitioner of a fair trial in violation of the Fifth Amendment when the Assistant United States Attorney learned that the indictment had been found on perjured testimony and let perjury go uncorrected.

3. The District Court erred in not conducting an evidentiary hearing when standing was granted. The Court failed to point out that the court made a ruling on the suppression issues that were not discussed by the parties, and failed to allow the Petitioner an opportunity to address the Court's position before the Court made the ruling and issued the order denying the same, in violation of Petitioner's Due process and Fourth Amendment Rights.

4. The affidavit was insufficient to support probable cause of the search in violation of Petitioner's Fourth Amendment rights. The affidavit must, first, set forth some of the underlying circumstances forming the basis of the informant's conclusion that there is illegal activity or evidence thereof on the premises. Second, it must state facts which give some assurance that the informant is a credible person.

5. The insufficiency of the Government's evidence at trial. The Government failed to show the evidence in court to prove the essential elements of an agreement between Petitioner and the other conspirators named in the Fifth Superseding Indictment in violation of Petitioner's Sixth Amendment rights.

6. Prosecutorial Misconduct. The Assistant United States Attorney tried Petitioner on charges that were not found or charged by the grand jury in violation of Petitioner's Fifth Amendment rights.

7. The Petitioner did not get a fair trial due to the judge's bias against him and the judge's mental incompetence. The Due Process Clause clearly requires a fair trial in a fair tribunal before a judge with no actual bias against the defendant.

8. Prosecutorial vindictiveness in re-indicting the Petitioner on more serious charges and increasing his sentencing exposure. When re-indicting an accused because the accused has exercised some procedural right, alleged charges must not be motivated by a vindictive purpose.

9. The District Court abused its discretion by denying the Petitioner a fair and impartial trial during voir dire and jury instructions. In the jury question and answer process called voir dire, the District Court demonstrated actual bias against the Petitioner and abused its discretion.

(Document Nos. 1 and 2.) Petitioner argues that this Court has jurisdiction under Section 2241 to overturn his conviction and sentence because he can demonstrate that his conviction and sentence "resulted from violations of the United States Constitution, or laws of the United States." (Id.) As relief, Petitioner requests that his Section 2241 Petition be granted and this Court enter an "order vacating Petitioner's unconstitutional sentence and conviction." (Id.)

On September 25, 2017, Petitioner filed a Motion to Amend and Memorandum in Support. (Document No. 6.) In support, Petitioner states that he wishes to amend his Section 2241 Petition to include additional grounds for relief and to assert additional facts in support of his previously asserted grounds for relief. (Id., pp. 3 – 44.) Petitioner includes the proposed amendments within his Motion. (Id.) Concerning his additional grounds for relief, Petitioner seeks to amend his Petition to include the following: (1) "Movant's prosecutorial vindictiveness claim including deceptive investigatory practices, bad-faith plea bargaining, and use of coerced statement" (Id., pp. 3 – 25); (2) Denial of right to effective assistance of counsel (Id., pp. 27 – 34, 36 - 39.); (3) "Judge Camp prejudiced the Defendant by his courtroom attitude" (Id., pp. 34 -36.); and (4) Petitioner's detention during the underlying criminal proceedings constituted cruel and unusual punishment because he was improperly denied bond (Id., pp. 39 – 42.). By separate Order entered this day, the undersigned as granted Petitioner's Motion to Amend.

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255

motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and sentence as imposed by the Northern District of Georgia. Specifically, Petitioner contends that his conviction and sentence were imposed in violation of his constitutional rights. Petitioner, therefore, requests that this Court vacate his conviction and sentence. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Northern District of Georgia. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded

under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Eleventh Circuit Court of Appeals.[2]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden

---

[2]  Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A); *also see Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008). Petitioner has been denied such authorization on at least two occasions.

of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a *conviction* when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34(emphasis added). In a panel opinion, the Fourth Circuit recently extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). Specifically, the Fourth Circuit determined that Section 2255 is inadequate and ineffective to test the legality of a *sentence* when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[3] Id. at 429. The

---

[3] The United States filed a petition for rehearing en banc on March 28, 2018, and the Fourth Circuit stayed the mandate pending a ruling on that motion. *United States v. Wheeler*, No. 16-

11

Wheeler Court, however, clarified that "there is no doubt that *Jones* is still good law in this circuit." Id. at 427.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege any substantive change in settled law occurring after his Section 2255 Motion that decriminalized the conduct of his conviction. Additionally, Petitioner to not indicate any retroactive change in substantive law occurring after his Section 2255 Motion, such that his sentence now presents "an error sufficiently grave to be deemed a fundamental defect." As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED**

---

6073. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *Id.*, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:
> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not request a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018, and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67.

that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: July 26, 2018.

Omar J. Aboulhosn
United States Magistrate Judge