# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

ROLAND MATHIS,

          Petitioner,

v.                                   CIVIL ACTION NO. 5:17-cv-03851

D. L. YOUNG, *Warden, FCI Beckley*,

          Respondent.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Petitioner's August 21, 2017 *Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus By a Person in State or Federal Custody* (Document 1) and the *Petitioner's Memorandum of Law in Support of a Motion Pursuant to 28 U.S.C. § 2241* (Document 2) brought on the grounds, *inter alia*, that he was convicted as a result of prosecutorial and judicial misconduct and abuses, without sufficient evidence, and in violation of various constitutional rights. The Court has further reviewed the Petitioner's *Memorandum in Support of Motion for Leave to Amend 28 U.S.C. Section 2241 Motion* (Document 6), construed as a motion to amend and granted by the Magistrate Judge.

By *Standing Order* (Document 4) entered on August 22, 2017, this action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On July 26, 2018, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (PF&R) (Document 8), wherein it is recommended that this Court dismiss the Petitioner's application for writ of habeas corpus and remove this matter from the Court's docket. Objections to the

Magistrate Judge's *Proposed Findings and Recommendation* were due by August 13, 2018. The Petitioner timely filed objections, styled *Rejection to the Proposed Findings and Recommendation* (Document 9). For the reasons stated herein, the Court finds that the Petitioner's objections must be overruled, the Magistrate Judge's PF&R adopted, and this matter dismissed.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Magistrate Judge's PF&R sets forth the factual and procedural background of this case in detail. The Court hereby incorporates those factual findings, but to provide context for the ruling contained herein, provides the following summary.

In the Northern District of Georgia in 2004, the Petitioner, Roland Mathis, was convicted by a jury of several counts related to drug distribution and money laundering. He was sentenced to 260 months of imprisonment, to be followed by a ten-year term of supervised release. Mr. Mathis appealed on the grounds that certain evidence should have been excluded, that one count was duplicitous, that his sentence was improperly enhanced, that the sentencing judge used the incorrect version of the Sentencing Guidelines, and that the evidence was insufficient as to certain counts. His appeal was denied, and he filed a petition pursuant to 28 U.S.C. § 2255, asserting similar claims for relief as well as additional claims based on prosecutorial misconduct, ineffective assistance of counsel, and violation of his speedy trial rights. The judge who presided over Mr. Mathis' trial and sentencing subsequently resigned and pled guilty to drug related charges. Mr. Mathis filed additional motions, including two requests for authorization to file a successive § 2255 motion, which asserted judicial misconduct and bias, as well as the prior grounds for relief. All were denied at each stage of the proceedings.

**STANDARD OF REVIEW**

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

**DISCUSSION**

The PF&R explains that 28 U.S.C. § 2255 is "the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective." (PF&R at 8.) The Magistrate Judge analyzed the case law related to the "savings clause" permitting certain challenges to convictions and sentences under 28 U.S.C. § 2241 and concluded that the Petitioner's claims could be considered only under § 2255, as the Petitioner did not allege a change in settled law impacting his claims. Because § 2255 petitions must be filed with the sentencing court, the Magistrate Judge found that this Court lacked jurisdiction. Given the Petitioner's previous § 2255 petition and requests for authorization to file a second or

successive petition, all of which were denied, the Magistrate Judge concluded that transferring the matter to the Eleventh Circuit Court of Appeals would be futile.

The Petitioner objects, arguing that § 2255 was inadequate or ineffective to test the legality of his detention. He contends that he is innocent of the charges against him and that his trial, conviction, and sentence were tainted by constitutional violations and by the misconduct and bias of the trial judge. He argues that he was denied the opportunity to challenge a warrantless search, a five-year delay between his arrest and his trial, during which five superseding indictments were filed, the use of false information to obtain the conviction, violation of his fifth amendment right during plea bargaining, the bias of the trial judge during voir dire, the use of a jury selected in part by co-defendants, the use of a sentencing enhancement without the requisite predicate convictions, the application of an increased guideline range in violation of the ex post facto clause, the judge's bias and incompetence and his counsel's ineffective and conflicted representation.

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention. 28 U.S.C. § 2255. However, Section 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under Section 2241 where Section 2255 is "inadequate or ineffective to test the legality" of the detention. 28 U.S.C. § 2255; *see also United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008). The fact that relief under Section 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the Fourth Circuit, a Section 2255 petition is only inadequate or ineffective to test the legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the

4

> prisoner was convicted is deemed not to be criminal; and (3) the
> prisoner cannot satisfy the gatekeeping provision of § 2255 because
> the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269 (quoting *In re Jones*, 226 F.3d at 333-34). The Fourth Circuit recently found that the savings clause may apply to certain sentencing challenges. It explained:

> we conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

The Petitioner has not alleged facts supporting the conclusion that there has been a change in substantive law that is retroactively applicable on collateral attack. In short, there has been no change in the legal status or viability of the Petitioner's various challenges to his conviction and sentence between the time he filed his direct appeal and initial § 2255 motion, and the time of the instant petition. He alleges various violations and errors that, if true, were legally erroneous at the time of the trial, conviction, and sentencing. Therefore, as the Magistrate Judge reasoned, he cannot satisfy the savings clause to proceed under § 2241, and the Court lacks jurisdiction to consider the claims under § 2255. The Court further finds that the Magistrate Judge correctly concluded that transfer to the Eleventh Circuit for consideration of a motion for leave to file a second or successive § 2255 petition would be futile, given that the Petitioner has not identified factual or legal changes during the time since his previous unsuccessful motions before that court.

Accordingly, the Court adopts the Magistrate Judge's PF&R and overrules the Petitioner's objections.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Petitioner's *Rejection to the Proposed Findings and Recommendation* (Document 9) be **OVERRULED** and that Judge Aboulhosn's *Proposed Findings and Recommendation* (Document 8) be **ADOPTED**. The Court further **ORDERS** that the Petitioner's *Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus By a Person in State or Federal Custody* (Document 1), as amended in the *Memorandum in Support of Motion for Leave to Amend 28 U.S.C. Section 2241 Motion* (Document 6) be **DISMISSED**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Aboulhosn, counsel of record, and any unrepresented party.

ENTER: October 29, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA